NO. 12-2458

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

LARRY E. HODGE,
Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Indiana, Evansville Division,
Case No. 3:11-cr-0007-RLY-WGH-01
The Honorable Judge Richard L. Young

BRIEF OF THE
PLAINTIFF-APPELLEE UNITED STATES OF AMERICA

JOSEPH H. HOGSETT
United States Attorney

Todd S. Shellenbarger
Assistant United States Attorney

Melanie C. Conour
Criminal Appellate Chief

Attorneys for the Plaintiff-Appellee
United States of America

Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333

# TABLE OF CONTENTS

**Page No.**

I.  JURISDICTIONAL STATEMENT. . . . . . . . . . . . . . . . . . . . . . . 1

II.  STATEMENT OF THE ISSUE. . . . . . . . . . . . . . . . . . . . . . . . 1

III.  STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . 1

IV.  STATEMENT OF THE FACTS. . . . . . . . . . . . . . . . . . . . . . 1

    A.    The Offense Conduct. . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    The Sentencing Guideline Calculation. . . . . . . . . . . . 8

    C.    The Reports And Testimony Of Hodge's Psychiatrist. . . 9

    D.    The District Court's Reasons For The
           Sentence Imposed. . . . . . . . . . . . . . . . . . . . . . . . . . 14

V.  SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . 18

VI.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    A.    The District Court's Sentencing Procedure Adequately
           Addressed The 18 U.S.C. 3553(a) Factors And Hodge's
           Psychiatric Mitigation Evidence. . . . . . . . . . . . . . . . . 19

        1.    Standard Of Review. . . . . . . . . . . . . . . . . . . . . 19

        2.    Legal Analysis. . . . . . . . . . . . . . . . . . . . . . . . 19

                a.    The District Court Weighed The 3553(a)
                        Sentencing Factors Appropriately. . . . . . . 20

i

b.   The District Court's Sentenced Was
Rationally Based. . . . . . . . . . . . . . . . . . . . .  22

c.   The District court Gave Proper Consideration
To The Testimony And Reports of
Hodge's Psychiatrist. . . . . . . . . . . . . . . . .  23

B.   The Sentence Imposed By The District Court Is A
Substantively Reasonable Sentence For Offenses
Involving The Aggravated Sexual Abuse Of A Child. . .  30

1.   Standard Of Review.. . . . . . . . . . . . . . . . . . . . .  30

2.   Legal Analysis. . . . . . . . . . . . . . . . . . . . . . . . . .  30

VII.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  32

VIII. CERTIFICATE OF COMPLIANCE IN ACCORDANCE WITH
FED. R. APP. P.  32(a)(7)(C).. . . . . . . . . . . . . . . . . . . . . . . .  33

IX.  CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . .  34

# TABLE OF AUTHORITIES

**Page No.**

**Cases:**

*United States v. Baker*, 445 F.3d 987 (7th Cir. 2006). . . . . . . . . .  20

*United States v. Busara*, 551 F.3d 669 (7th Cir. 2008) .. . . . . . . .  21

*United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005). .  23, 25

*United States v. Garthus*, 652 F.3d 715 (7th Cir. 2011).  . . . .  22, 27

*United States v. Jackson*, 598 F.3d 340 (7th Cir. 20100. . . . . . . .  31

*United States v. Juarez*, 454 F.3d 717 (7th Cir. 2006) . . . . . . . . .  28

*United States v. Klug*, 670 F.3d 797 (7th Cir. 2012). . . . . . . .  21, 31

*United States v. Miranda*, 505 F.3d 785 (7th Cir. 2007). .  23, 25, 26

*United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005).  . . . . . .  31

*United States v. Noel*, 581 F.3d 490 (7th Cir. 2009). . . . .  23, 31, 32

*United States v. Ramirez-Mendoza*, 683 F.3d 771 (7th Cir. 2012).  19

*United States v. Rice*, 520 F.3d 811 (7th Cir. 2008).  . . . . . . .  19, 30

*United States v. Robertson,* 662 F.3d. 871 (7th Cir. 2011).  . .  23, 24

*United States v. Sainz-Preciado*, 566 F.3d 708 (7th Cir. 2009). . .  21

*United States v. Scott*, 555 F.3d 605 (7th Cir. 2009). . . . . . . .  19, 20

*United States v. Thompson*, 523 F.3d 806 (7th Cir. 2008) . . . . . .  31

*United States v. Wallace*, 531 F.3d 504 (7th Cir. 2008). . . . . . . . .  31

*United States v. Williams*, 425 F.3d 478 (7th Cir. 2005). . . . . . .  28

*United States v. Williams*, 436 F.3d 767 (7th Cir. 2006). . . . . . .  28

**Statutes:**

18 U.S.C. § 2251(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 4, 14

18 U.S.C. § 2252(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . .  4, 15

18 U.S.C. § 2251(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 4

18 U.S.C. § 3553. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

**Other Authorities:**

Fed.R.App. 28(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

# I.  JURISDICTIONAL STATEMENT

The Appellant's jurisdictional statement is complete and correct.

# II.  STATEMENT OF THE ISSUE

Whether the record demonstrates that the district court gave reasonable consideration to the appropriate sentencing factors in formulating a sentence for offenses involving the abuse of a child.

# III.  STATEMENT OF THE CASE

The Appellant's Statement of the Case is fair and accurate. *See* Fed.R.App. 28(b).

# IV.  STATEMENT OF THE FACTS

## A.    The Offense Conduct

On December 8, 2011, the district court held a change of plea hearing in which Larry E. Hodge pled guilty to seven counts of production of sexually explicit material involving a minor in violation of 18 U.S.C. §§ 2251(a) and 2251(e).  (R. 61)[1]  The district

---

[1]  The following abbreviations will apply throughout this brief: R.__ = Record on Appeal docket number; Plea Tr. at __ = 12-8-11 change of plea hearing transcript; Sent. Tr. at __

conducted the hearing by reading the indictment to Hodge, asking

Hodge if he understood each allegation contained in the indictment,

and asking Hodge if each allegation was true.  (Plea Tr. at 13-34) As

the district court proceeded through the contents of the indictment

in this manner, Hodge admitted that he gained access to a female

child under the age of nine by volunteering to assist the child's

parents in caring for the child after school and at other times.  (Plea

Tr. at 13-14) Hodge admitted that he used the child in the

production of seven different digital photography sessions that were

saved on a data storage disk.  (Plea Tr. at 16-20) The digital

photography sessions contained depictions of the following acts: 1)

oral sex between the child and Hodge; 2) the lascivious exhibition of

the genitals or pubic area of the child; 3) the placement of an object

on the genitals of the child simulating genital to genital sexual

intercourse with the child; 4) the simultaneous lascivious exhibition

---

= 5-31-12 sentencing hearing transcript; Sent. Ex.__ =
5-31-12 sentencing hearing exhibit number; PSR ¶__ =
Presentence Investigation Report; Def. Br.__ = appellant's
opening brief, each followed by the appropriate page or
paragraph number.

of the genitals or pubic area of the child and Hodge's adult wife while the child and Hodge's wife were in physical contact with each other; 5) the placement of Hodge's penis on the buttocks of the child; 6) the manipulation of the genitals of the child by Hodge; 7) the sadistic abuse of the child involving ropes tied around the arms and neck of the child; 8) the child using her hands to expose the lascivious exhibition of the anus and vagina of Hodge's wife; 9) the child inserting an object into the vagina of Hodge's wife; and 10) video recordings of the lascivious exhibition of the genitals or pubic area of the child and oral sex between the child and Hodge.  (Plea Tr. at 16-20) Hodge admitted to the district court during the change of plea hearing that he used the child to produce images and videos containing all of these sexually explicit depictions.  (Plea Tr. at 16-20).  Hodge also signed and filed with the district court a written stipulated factual basis affirming the specific nature of the images and videos he produced using the child.  (R. 60, Plea Tr. at 39-41) On five separate occasions during his testimony in the change of plea hearing, Hodge informed the district court that it is "true" that

3

he produced images depicting acts of oral sex between himself and the child.  (Plea Tr. at 16-20)  The district court viewed all of the still images produced by Hodge at the time of the sentencing hearing, which were printed and admitted into evidence as government's exhibit three.  (Sent. Ex 3, Sent. Tr. at 88-90, 108)

On December 8, 2011, Hodge also pled guilty to two counts of conspiracy to produce sexually explicit material involving a minor in violation of 18 U.S.C. §§ 2251(a) and 2251(e), and two counts of distribution of sexually explicit material involving a minor in violation of 18 U.S.C. § 2252(a)(1).  (R. 61)  Hodge admitted that he conspired with his adult wife to produce two of the digital photography sessions in which he photographed his wife and the child engaged in sexually explicit poses and acts.  (Plea Tr. at 28-31, 36) Hodge also admitted that he transmitted sexually explicit images of the child to two persons using internet transmissions and cellular telephone transmissions.  (Plea Tr. at 31-34, 36-37) One of the charged transmissions was sent to a co-defendant George Jackson.  At the time of the sentencing hearing, the district court

4

viewed some of the still images depicting the child engaged in sexually explicit conduct sent to Jackson by Hodge that were recovered from Jackson's computer.  These images were printed and admitted into evidence as government's exhibit four.  (Sent. Ex 4, Sent. Tr. at 90-91)  In the change of plea hearing, Hodge also informed the district court that he transmitted sexually explicit images of the child to a third person in Massachusetts.  (Plea Tr. at 37-38.)  Hodge was not charged with this transmission in the indictment.

The government called the lead investigator to testify in the sentencing hearing.  (Sent. Tr. at 85) The investigator testified  that Hodge saved all seven digital photo sessions on a disk that he and other investigators examined.  (Sent. Tr. at 86) The investigator identified government's exhibit three as a printout containing all of the visual depictions found on the disk, before the exhibit was admitted into evidence.  (Sent. Tr. at 88-89) The investigator described some of the acts depicted in the images contained within exhibit three, testifying that there were images showing Hodge

5

ejaculating on the child's face, the child with underwear placed over

her face, multiple images of the child tied up, including having a

noose placed around her neck with one end of the rope suspended

from the ceiling of the basement of Hodge's residence, and images

of the child wearing a dog collar and leash.  (Sent. Tr. at 91-92, 95)

The investigator testified that objects used in the production of the

photos of the child were found inside the Hodge's residence

including dildos, ropes, outfits, and a dog collar and chain.

(Sent. Tr. at 92) A photo of all the objects used in the production of

the photos of the child was admitted as government's exhibit five.

(Sent. Tr. at 92-93, Sent. Ex. 5) The investigator testified that two

images found on the disk depict Hodge placing his hand on the

back of the neck of the child and forcing the child's face into

Hodge's wife's buttocks. (Sent. Tr. at 94)  The investigator testified

that multiple images depicted acts of oral sex between the child and

Hodge.  (Sent. Tr. at 95) The investigator found specific locations in

the ceiling of Hodge's basement where ropes could be anchored.

(Sent. Tr. at 96) The investigator testified that chat logs were found

6

on Hodge's computer recording communications with co-defendant
Jackson.  (Sent. Tr. at 97) The logs including discussions of
recruiting other adults to engage in sex acts with the child.
(Sent. Tr. at 97).

The parents of the victim child submitted a victim impact
statement to the district court which the district court read and
considered in determining the sentence.  (R. 92-2, Sent. Tr. at 47)[2]
In the impact statement the parents reported that Hodge was
trusted by them to care for the child, that Hodge volunteered to
care for the child and showered the child with attention.  (R. 92-2)
The parents reported that the child had received therapy to help
her cope with the sexual abuse.  The parents stated that they
feared that the crimes would have a lasting negative impact on the
child's life making it difficult for her to form trusting relationships
as an adult and causing her to experience memories of the abuse.
(R. 92-2) The parents expressed specific concern about the

---

[2]  The victim impact statement was filed under seal as an
attachment to docket entry number 92, the government's May 15,
2012, sentencing memorandum.

7

distribution of images of the child to other persons by Hodge.
(R. 92-2) The parents stated that their child was given a "lifetime sentence she never asked for."  (R. 92-2)

**B.     The Sentencing Guideline Calculation**

Hodge testified in his sentencing hearing that the contents of the presentence investigation report prepared in his case were true and accurate.  (Sent. Tr. at 46) Hodge offered no objections to the accuracy of the guidelines calculation contained in the presentence report.  (Sent. Tr. at 60) The district court adopted the findings of the presentence report as its own findings and while doing so, the judge noted his responsibility to consider the 18 U.S.C. § 3553 factors in formulating a sentence in addition to the advisory guidelines.  (Sent. Tr. at 60)  Based on the existence of many aggravating specific offense characteristics, Hodge's final offense level was determined to be forty-nine, an offense level that yields a life sentence pursuant to the Guidelines Sentencing Table. (Sent. Tr. at 48-55, 59, PSR ¶¶ 37-121, ) Because the offenses of conviction have a fixed statutory term of imprisonment, a life

sentence is not permitted.  (Sent. Tr. at 59)  The Court therefore

found that the recommended guideline sentence for Hodge was a

fixed term of 3,720 months.  (Sent. Tr. at 59, PSR ¶ 158)

## C.     The Reports and Testimony of Hodge's Psychiatrist

Dr. Louis Cady, a psychiatrist, testified for Hodge in the May

31, 2012, sentencing hearing and prepared two reports related to

his evaluations of Hodge.  (Sent. Tr. at 7, 14-17).  The first report

was prepared by Cady on or about March 29, 2011, and was

submitted to the district court as an exhibit attached to Hodge's

April 26, 2012, sentencing memorandum.[3]  The district court read

and considered Hodge's sentencing memorandum.  (Sent. Tr. at

60).  Cady also provided detailed testimony about the contents of

his first report to the district court in the sentencing hearing.

(Sent. Tr. at 10-14).  The second report prepared by Cady was

provided to the parties the day of the sentencing hearing and was

---

[3]  Hodge's sentencing memorandum was received by the
district court on April 26, 2012, and held under seal as it included
the entire first forensic examination report on Hodge prepared by
Cady.  Hodge's sentencing memorandum does not appear as an
entry in the district court docket.

admitted as defense exhibit A during the hearing.  (Sent. Tr. at 15-16, Sent. Ex. A)

Cady testified that he performed a forensic examination of Hodge that was based on a three hour  interview of Hodge conducted on March 9, 2011.  (Sent. Tr. at 9-10)  The results of the forensic examination were documented in the first Cady report.  (Sent. Tr. at 16-18)  Cady testified that persons who molest children will often understate their sexual contact with children in an evaluation, that he did not verify Hodge's sexual history using polygraph examination, and that he cannot be certain Hodge disclosed all his acts of sexual abuse against children.  (Sent. Tr. at 30-33)  In one interview on the subject of sexual history, Hodge told Cady that he had sexually abused three other children in addition to the victim in the instant case.  (Sent. Tr. at 30-33)  Two of these children were six or seven year old female relatives that Hodge had sexual contact with when he was thirteen or fourteen years old. One of the children with whom Hodge had sexual contact was a child his wife was caring for as a babysitter.  (Sent. Tr. at 30-33)

This sexual contact occurred when Hodge was approximately twenty-five years old. (Sent. Tr. at 37) Cady testified that Hodge is sexually attracted to six and seven year old children and that producing the sexually explicit photographs of the child was sexually arousing to him. (Sent. Tr. at 26, 33) Cady also stated that Hodge is sexually gratified by sadistic sexual abuse images involving children. (Sent. Tr. at 42) In his first report Cady rendered an opinion that there was a high possibility that Hodge would reoffend. (Sent. Tr. at 18)

In his second report Cady made what he described as a "minor modification" to his first report, changing his opinion to find that Hodge was now "unlikely to reoffend." (Sent. Tr. at 18) The district court questioned Cady on the short time span between his two different opinions about Hodge. (Sent. Tr. at 19-20) Cady agreed that he cannot predict the odds of Hodge reoffending. (Sent. Tr. at 19) During his testimony Cady narrowed his diagnosis of Hodge to attention deficit disorder, adult heterosexual and child pornography addiction, sexual abuse of a child, and mild

11

depression. (Sent. Tr. at 33)  Cady agreed that pornography addiction was not a recognized diagnostic disorder by the American Psychiatric Association.  (Sent. Tr. at 34)  Cady also agreed that pedophilic disorder is a recognized diagnostic disorder by the American Psychiatric Association.  Cady testified that he is  familiar with the diagnostic criteria for pedophilic disorder and that Hodge meets all of the criteria.  (Sent. Tr. at 34-35)  Cady testified that pedophilic disorder is a chronic disorder meaning that it is one that "sticks around" without treatment.  (Sent. Tr. at 35)  Cady offered no reason why he did not include pedophilic disorder as a part of his diagnosis of Hodge, but testified that he could have made this diagnosis.  (Sent. Tr. at 35, 45)

Cady testified that he did not view the images of the child produced by Hodge as a part of his evaluation.  (Sent. Tr. at 38)  Cady was questioned by both the district court judge and the government about whether any specific acts depicted in the images would cause him to have greater concern that Hodge would reoffend, or cause him to view Hodge as a more dangerous offender.

12

(Sent. Tr. at 38-44)  Cady said depictions showing oral penetration of the child by Hodge's penis would cause him to have greater concern about Hodge's risk to reoffend and his dangerousness. (Sent. Tr. at 38-44)  Cady testified that he was basing his low risk to reoffend opinion on his understanding that Hodge did not penetrate the child's mouth with his penis, but only staged a picture of this act.  (Sent. Tr. at 38-44)  This description of the acts was provided to Cady by Hodge.  (Sent. Tr. at 38-44)  Cady also said depictions showing the use of force by Hodge against the child would cause him to have greater concern about Hodge's risk to reoffend and his dangerousness.  (Sent. Tr. at 44)  Cady was not aware of the images depicting Hodge forcing the child's face into the buttocks of Hodge's wife.  (Sent. Tr. at 44)  Cady testified that he would be concerned that Hodge posed a greater danger if Hodge forced the child's face into the buttocks of an adult women. (Sent. Tr. at 44)  The district court considered the testimony of Cady and directed questions to Cady while he was testifying. (Sent. Tr. at 19, 28, 40, 110)

## D.    The District Court's Reasons for the Sentence Imposed

The district court provided a lengthy statement of its reasoning for the sentence imposed on the record in open court. (Sent. Tr. at 107-123)  The district court decided to impose a total term of imprisonment of 1,380 months (115 years).  (R. 96)  This term of imprisonment is 2,340 months below the advisory guideline sentence.  (PSR ¶ 158)  The term of 1,380 months was derived by the district court through a recognition of the distinct harm caused by each of the seven separate photo sessions and the two separate instances of distribution of images of the child.  (Sent. Tr. at 114, 116-117)  The term of 1,380 months is equal to the sum of 180 months for each of the seven separate production offenses and 60 months for the two separate distribution offenses, served consecutively.  The court elected not to impose a consecutive term of imprisonment for two conspiracy offenses, deciding that theses offenses did not result in a separate and distinct harm to the victim.  (Sent. Tr. at 116-117)  The statutory minimum sentence for a violation of 18 U.S.C. § 2251(a) is 180 months and the statutory

14

minimum sentence for a violation of 18 U.S.C. § 2252(a)(1) is 60 months.  (PSR ¶ 157)  This sentence is consistent with a specific alternative argument made by the government for the formulation of a sentence by the district court for Hodge.  (Sent. Tr. at 104-105,114, R. 92, Government's Sentencing Memorandum, page 6)

The district court specifically addressed the application of many of the listed sentencing factors set forth in 18 U.S.C. § 3553(a) to Hodge's case including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect against further crimes of the defendant, and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  (Sent. Tr. at 107-114)

In its discussion of the nature and circumstances of the offense, the district court made several comments about the content of the images produced by Hodge which the Court

15

examined.  (Sent. Tr. 88-91, 108, Sent. Ex. 3-4) The district court

found that the images included severe physical abuse, sadistic

poses, and having the child perform oral sex on Hodge.  (Sent. Tr.

at 108) The court stated that it was difficult to find a word to

describe the images and that the images were disturbing even when

viewed briefly.  (Sent. Tr. at 108)

The district court specifically noted its concern about the

negative impact of the crimes on the child victim.  (Sent. Tr. at 108-

109) The court agreed with the child's parents that Hodge had

made the child a lifetime victim based on the distribution of the

images to others.  (Sent. Tr. at 109) The district court expressed the

view that the child would have to struggle with negative memories

and fears throughout her life.  (Sent. Tr. at 109-111) The court

pointed out that the offense involved an "astounding" abuse of trust

that the child placed in Hodge.  (Sent. Tr. at 110)

With respect to the history and characteristics of Hodge, the

district court considered the history of child abuse Hodge revealed

to Dr. Cady in his interview which was contained in Cady's reports

16

and testimony.  (Sent. Tr. at 110)  The court did not agree with
specific aspects of Cady's testimony, specifically disagreeing with
Cady's second report assessment that Hodge was unlikely to
reoffend.  (Sent. Tr. at 115-116)  The district court also determined
that the images depicted the child performing oral sex on Hodge.
(Sent. Tr. at 108)  This determination is contrary to Cady's
understanding of the sexual acts that occurred between Hodge and
the child.  (Sent. Tr. at 38-44)  The district court agreed with Cady's
opinion that Hodge is addicted to pornography, but also stated its
view that Hodge is a pedophile.  (Sent. Tr. at 115)  The court
accepted Cady's report that Hodge revealed his sexual abuse of
three other children and considered this history an aggravating
factor for sentencing.  (Sent. Tr. at 116)

     With regard to the need to avoid unwarranted sentencing
disparities, the district court pointed out that other defendants in
production cases in the Southern District of Indiana have been
sentenced consistent with the computation of the sentence the
court intended to adopt in Hodge's case.  (Sent. Tr. at 114)  That is,

17

imposing a consecutive term for each separate instance of production and each separate instance of distribution.  (Sent. Tr. at 114)

## V.  SUMMARY OF THE ARGUMENT

The district court engaged in a reasonable analysis involving the weighing of the 18 U.S.C. § 3553(a) sentencing factors on the record in open court in formulating the sentence for Hodge.  The court considered the mitigating evidence presented by Hodge's psychiatrist, appropriately weighing the psychiatrist's reports and testimony, accepting and rejecting parts of the testimony.  After fairly considering mitigating evidence about a defendant's psychological condition and troubled upbringing, a sentencing court is not compelled to conclude that such mitigating evidence out weighs other 18 U.S.C. § 3553(a) sentencing factors.  Fair consideration is all that is required and the district court committed no procedural error in its determination of an appropriate sentence.  Moreover, the sentence imposed, which was less than the sentence derived from the advisory Sentencing

18

Guidelines in Hodge's case, is inherently reasonable for the offenses committed by Hodge involving the aggravated abuse of a child.

## VI.  ARGUMENT

### A.   The District Court's Sentencing Procedure Adequately Addressed The 18 U.S.C. 3553(a) Factors And Hodge's Psychiatric Mitigation Evidence

#### 1.   Standard Of Review

In reviewing a sentence on appeal this Court engages in a two part analysis using an abuse of discretion standard of review. First, this Court examines whether the district court committed any procedural error in formulating the sentence.  *United States v. Scott*, 555 F.3d 605, 608 (7th Cir. 2009); *United States v. Ramirez-Mendoza*, 683 F.3d 771, 774 (7th Cir. 2012).  Second, if no procedural error occurred, then this Court reviews the substantive reasonableness of the sentence using an abuse of discretion standard.  *United States v. Rice*, 520 F.3d 811, 819 (7th Cir. 2008).

#### 2.   Legal Analysis

Procedural errors in sentencing that have been recognized by this Court include improperly calculating the guidelines range,

failure to consider the 3553(a) factors, and failing to adequately explain a chosen sentence. *Scott*, 555 F.3d at 608. Hodge did not object to the guidelines calculation before sentencing and does not challenge the calculation in his opening brief. (Sent. Tr. at 60, Def. Br. 8) The district court did not commit procedural error in calculating the guidelines.

### a. The District Court Weighed The 3553(a) Sentencing Factors Appropriately

The district court explained the reasoning behind its ultimate sentencing decision on the record in open court. (Sent. Tr. At 107-123) The district court is not required to set forth its sentencing reasoning in writing, oral explanation of the district court's reasoning in open court is sufficient. *United States v. Baker*, 445 F.3d 987, 991 (7th Cir. 2006). The district court specifically addressed the 18 U.S.C. 3533(a) sentencing factors and how each factor applied in Hodge's case. (Sent. Tr. at 107-114) This action by the district court satisfies this Court's standard that a record must be created that confirms the district court meaningfully considered

20

the 18 U.S.C. 3553(a) sentencing factors.  *United States v. Sainz-Preciado*, 566 F.3d 708, 716 (7th Cir. 2009).

The district court paid particular attention to the nature and circumstances of the offense, a 18 U.S.C. § 3553(a) sentencing factor.  The district court viewed Hodge's offense conduct as egregious and weighed this factor heavily in support of a severe sentence.  (Sent. Tr. at 108)  This Court has ruled that a district court may place greater weight on particular sentencing factors as it deems appropriate based on the context of the case.  *United States v. Busara*, 551 F.3d 669, 674 (7th Cir. 2008)  The district court expressed substantial concern about the negative impact of the crimes on the child victim, which was considered in the weight assigned to it in the overall sentence.  (Sent. Tr. at 109-111)  This Court has recognized as important and legitimate a district court's consideration of the lasting harm to victims linked to the production of child pornography, particularly when images of the children are distributed to others over the internet.  *United States v. Klug*, 670 F.3d 797, 800-01 (7th Cir. 2012).  Sadistic images in a

21

collection of child pornography possessed by an offender have been

cited as cause for concern in sentencing by this Court.  *See*

*generally United States v. Garthus*, 652 F.3d 715, 720 (7th Cir.

2011).  Hodge directly produced sadistic images using the child and

this fact weighed in favor of a stringent sentence in the district

court's view.  (Sent. Tr. 108)

### b.    The District Court's Sentence Was Rationally Based

The sentence imposed by the district court was based on a

rationale framework.  The district court elected to impose a

separate penalty for each distinct production of images depicting

the sexual abuse of the child and each distinct distribution of the

images.  The district court viewed each production and distribution

as a separate harm to the child.  (Sent. Tr. at 116-117)  The court's

sentence amounted to no more than the total of the statutory

mandatory minimum sentence for each count of production and

distribution served consecutively.  A sentence based on this same

framework, imposing a separate consecutive penalty for each act of

production of child pornography, has been reviewed and affirmed by this Court as reasonable. *United States v. Noel*, 581 F.3d 490, 495, 500-01 (7th Cir. 2009). In keeping with its adopted rational framework, the district court elected not to impose a consecutive sentence for the conspiracy counts in the indictment as these counts did not amount to a separate harm to the victim in the district court's view. (Sent. Tr. at 116-117)

### c.   The District Court Gave Proper Consideration To The Testimony And Reports Of Hodge's Psychiatrist

Hodge is correct when he asserts that a district court can commit procedural error in sentencing by passing over and failing to give consideration to psychological and other evidence offered in mitigation by a defendant before sentencing. Hodge cites three cases in support of this position, *United States v. Robertson,* 662 F.3d. 871, 879 (7th Cir. 2011), *United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005), and *United States v. Miranda*, 505 F.3d 785 (7th Cir. 2007). The facts presented in these cases are distinctly different from those presented at bar. In each of these

23

cases the district court gave virtually no consideration to the mitigation evidence on the record.

In *Robertson* the district court offered only a brief comment about lack of criminal history that left this Court without any record to evaluate the weighing process the district court used. *Robertson*, 662 F3d at 879-80.  Hodge also cites *Robertson* in support of the more general proposition that self motivated rehabilitation is a relevant factor that should be considered by the district court in formulating a sentence.  The facts in *Robertson* related to rehabilitation are starkly different than the facts presented in Hodge's case.  In *Robertson*, the defendants were charged with the offenses they committed ten years before and in the time between the offenses and the prosecution they ended their criminal activity on their own accord.  *Robertson*, 662 F.3d at 879.  In the instant case, Hodge was continuing to produce and distribute child pornography at the time he was arrested and charged.

24

In the *Cunningham* case, the district court gave an extremely
short statement of reasons before imposing a sentence within the
guideline range. *Cunningham*, 429 F.3d at 677. *Cunningham* had
presented evidence of a history of rather serious psychiatric
illnesses that his attorney argued should be considered as a
mitigating factor. *Cunningham*, 429 F.3d at 676-77. The district
court said nothing about this evidence before imposing its
sentence. *Cunningham*, 429 F.3d at 677.

Unlike the situation before this Court where the district court
questioned and analyzed the testimony of the defendant's expert,
the district court's sentencing record in *Miranda* did not allow this
Court to determine if the psychiatric opinion was accepted by the
district court or whether an individualized analysis of the
defendant's sentencing arguments was made. *Mirinda*, 505 F.3d at
790,796. The psychiatric mitigation evidence presented in *Miranda*
was much more severe than that presented by Hodge's psychiatrist.
Miranda was diagnosed with schizoaffective disorder including
auditory hallucinations. The hallucinations at the time of the

25

commission of a bank robbery allegedly told Miranda he should rob a bank. *Mirinda*, 505 F.3d at 789. No such testimony was presented in regard to Hodge, but rather the significantly less compelling testimony was considered by the sentencing court.

The district court's actions in considering Hodge's mitigation evidence stand in contrast to the actions previously found insufficient by this Court. Throughout Hodge's sentencing hearing, the district court gave due consideration to Dr. Cady's testimony and his views as expressed in his reports. The district court reviewed Cady's reports. (Sent. Tr. at 15-16; Sent. Ex. A) The court listened to Cady's testimony and interposed questions during the testimony. (Sent. Tr. at 19, 28, 40, 110) The court accepted and considered parts of Cady's testimony related to Hodge's history. Unfortunately for Hodge, this history included prior sexual abuse of three other minor children during his life. (Sent. Tr. at 30-33) The district court viewed this history of prior contact abuse as an aggravating factor supporting the sentence imposed. (Sent. Tr. at 116) The district court accepted Cady's discovery through

26

interviewing Hodge that Hodge had been sexually abused as a child and had been exposed to pornography at a young age. (Sent. Tr. at 110)  The district court accepted that these events "may have been the genesis" of Hodge's addiction to pornography. (Sent. Tr. at 110)

The district court agreed with one diagnostic opinion offered by Cady and disagreed with another. The court agreed that Hodge is addicted to pornography. (Sent. Tr. at 110, 115)  This opinion, while offering an insight into a part of the motivation for  Hodge's acts, is not necessarily mitigating evidence as possession of child pornography is a crime.  Presumably a person addicted to child pornography would have a strong desire to continue to acquire child pornography in violation of the law.  *See generally United States v. Garthus*, 652 F.3d 715, 719-721 (7th Cir. 2011).  The district court disagreed with Cady's opinion that Hodge did not pose significant future risk to others. (Sent. Tr. at 115-116).  The district court also stated its view the Hodge is a pedophile. (Sent. Tr. at 115)  This statement by the district court is strongly supported by the record of Cady's testimony.  Cady testified that Hodge met all

27

the diagnostic criteria for pedophilic disorder and that he could

have diagnosed Hodge as a pedophile.  (Sent. Tr. at 35-36, 45)

The district court is obliged to consider psychiatric and

historical information about a defendant offered as mitigation

evidence.  However, the district court is not bound to impose a

lenient sentence in every case in which a defendant has presented

evidence of psychiatric problems and/or a troubled upbringing.

*See United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005).

The district court, having considered mitigating evidence, is free to

determine that other 3553(a) factors offset the mitigating evidence

and favor a more stringent sentence.  *See Williams*, 425 F.3d at

480, (mitigating mental illness history and personal history

evidence offset by past criminal conduct and continued violation of

law ); *United States v. Williams*, 436 F.3d 767, 769 (7th Cir. 2006)

(mitigating mental condition and troubled childhood evidence offset

by need for deterrence); *United States v. Juarez*, 454 F.3d 717, 721

(7th Cir. 2006) (mitigating mental health and troubled childhood

evidence offset by need for deterrence and need for the sentence to reflect the seriousness of the offense).

The district court also made a factual finding that significantly undermined the strength of Cady's opinion that Hodge was unlikely to reoffend and was a less dangerous offender. The court reviewed the images produced by Hodge and found that they included depictions of Hodge causing the child to perform oral sex on him. (Sent. Tr. at 108) This finding contradicts Cady's understanding of the sex acts that took place between Hodge and the victim. (Sent. Tr. at 38-44). Cady testified that he did not review any of the images as a part of his evaluation and understood any oral sex to have been "staging a posed picture" by Hodge. (Sent. Tr. at 38-44) If oral sex involving the insertion of Hodge's penis into the mouth of the child was performed, Cady told the district court he would view Hodge as more dangerous. (Sent. Tr. at 38-44) Cady also testified that he would have greater concern if he learned that Hodge used any force against the child. (Sent. Tr. at 44) The district court reviewed the images produced by Hodge and the lead investigator

29

testified that Hodge forced the child's face into the buttocks of his wife in two of the images.  (Sent. Tr. at 93-94, Sent. Ex. 3)  Hodge's expert's testimony therefore was based, in part, on a flawed premise and in reality supports the court's finding that the significant sentence imposed was procedurally appropriate.

**B.    The Sentence Imposed By The District Court Is A Substantively Reasonable Sentence For Offenses Involving The Aggravated Sexual Abuse Of A Child**

**1.    Standard Of Review**

If no procedural error occurred in the district court's formulation of the sentence, this Court reviews the sentence imposed for substantive reasonableness using an abuse of discretion standard.  *United States v. Rice*, 520 F.3d 811, 819 (7th Cir. 2008).

**2.    Legal Analysis**

Hodge does not challenge the substantive reasonableness of his sentence in his opening brief.  (Def. Br. 16-23)  It is apparent that Hodge's sentence is reasonable based on the facts and circumstance presented in his case.  The sentence imposed by the

30

district court was 2,340 months below the advisory Guideline
sentence. A sentence within the guidelines range is afforded a
presumption of reasonableness by this Court on review. *United
States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Any
sentence that is substantially below the guidelines range is also
afforded a presumption of reasonableness on review by this Court.
*See United States v. Jackson*, 598 F.3d 340, 345 (7th Cir. 2010),
*cert. denied*, 131 S. Ct. 435; *United States v. Noel*, 581 F.3d 490,
500 (7th Cir. 2009)*; United States v. Wallace*, 531 F.3d 504, 507
(7th Cir. 2008). This Court has upheld, as reasonable, a
substantial sentence for a defendant with a minimal criminal
record who produced child pornography that did not involve
molestation of the victims. *See United States v. Klug*, 670 F.3d 797,
801 (7th Cir. 2012). Hodge engaged in repeated physical sexual
abuse of the child. This Court has affirmed sentences imposing a
term of imprisonment equivalent to the balance of a defendant's life
in prison. *See United States v. Thompson*, 523 F.3d 806, 814 (7th
Cir. 2008) (the district court imposed maximum, consecutive

31

sentences on each of an offender's counts of conviction for a total of over 100 years); *United States v. Noel*, 581 F.3d 490, 500 (7th Cir. 2009) (80 year sentence for producing child pornography was presumptively reasonable where guidelines range was equal to life in prison).  Hodge's sentence is clearly reasonable and not the product of an abuse the district court's sentencing discretion.

## VII.  CONCLUSION

For these reasons, the government urges this Court to affirm Hodge's sentence.

Respectfully submitted,

JOSEPH H. HOGSETT
United States Attorney

By:  s/ Todd S. Shellenbarger
Todd S. Shellenbarger
Assistant United States Attorney

## VIII.  CERTIFICATE OF COMPLIANCE IN ACCORDANCE WITH FED. R. APP. P.  32(a)(7)(C)

The foregoing BRIEF OF PLAINTIFF-APPELLEE complies with the type volume limitations required under Fed. R. App. P. 32(a)(7)(B)(I) in that there are not more than 14,000 words or 1,300 lines of text using monospaced type in the brief, that there are 6,571 words typed in WordPerfect X5 word-processing this 25th day of April, 2013.

s/Todd S. Shellenbarger
Todd S. Shellenbarger
Assistant United States Attorney

## IX.  CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.


s/ Todd S. Shellenbarger
Todd S. Shellenbarger
Assistant United States Attorney



Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333