No. 12-2458

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

vs.

LARRY E. HODGE,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Indiana
Case No. 11-cr-7
Hon. Richard Young, United States District Judge,
Presiding

# Reply Brief of Defendant-Appellant Larry E. Hodge

FEDERAL PUBLIC DEFENDER
CENTRAL DISTRICT OF ILLINOIS
300 W. Main St.
Urbana IL  61801-2624
Telephone:    (217) 373-0666
Fax:             (217) 373-0667

JONATHAN E. HAWLEY
Chief Federal Public Defender

JOHANNA M. CHRISTIANSEN
Appellate Division Chief

ELISABETH R. POLLOCK
Staff Attorney

Attorneys for Defendant-Appellant,
LARRY HODGE

# CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 12-2458

Short Caption: United States v. Larry Hodge

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement stating the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

> **[X] PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3): Larry E. Hodge

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court: Jonathan E. Hawley, Johanna Christiansen and ELISABETH R. POLLOCK of the Federal Public Defender for the Central District of Illinois; and Glenn A. Grampp, in the district court.

(3) If the party or amicus is a corporation:

   i) Identify all its parent corporations, if any:   None

   ii) list any publicly held company that owns 10% or more of the party's or amicus' stock:  None

======================================================================

Attorney's Signature: /s/ Elisabeth R. Pollock     Date:  May 13, 2013

Attorney's Printed Name: Elisabeth R. Pollock

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  Yes  X   No ____

   Address: 300 West Main Street, Urbana, IL  61801
   Phone Number: (217) 373-0666
   Fax Number: (217) 373-0667
   E-Mail Address: Elisabeth_Pollock@fd.org

rev. 01/08 AK

# Table of Contents

**Page**

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

    Statutes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Issue Presented for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Whether the district court's imposition of a sentence of 1380 months was procedurally unreasonable because it failed to adequately consider proffered mitigation evidence? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.    Although the district court mentioned Dr. Cady's report and asked specific questions of him while on the witness stand, the district court's ruling insufficiently explained why it disagreed with Dr. Cady's analysis and inadequately addressed why Mr. Hodge's proffered psychological testimony should not affect his ultimate sentence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Certificate of Compliance with Fed. R. App. P. 32(a)(7)(C) . . . . . . . . . . . . . . . . . . 5

# Table of Authorities

**Statutes**            **Page**

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

## Issue Presented for Review

Whether the district court's imposition of a sentence of 1380 months was procedurally unreasonable because it failed to adequately consider proffered mitigation evidence?

## Argument

I.  **Although the district court mentioned Dr. Cady's report and asked specific questions of him while on the witness stand, the district court's ruling insufficiently explained why it disagreed with Dr. Cady's analysis and inadequately addressed why Mr. Hodge's proffered psychological testimony should not affect his ultimate sentence.**

In considering the 3553(a) factors, the district court addressed in detail the nature and circumstances of the offense and the harm done to the victim. (Tr. 5/31/2012 pp. 108-109, 111-112) It also commented on Mr. Hodge's lack of criminal history, voluntary cooperation, and acceptance of responsibility. (Tr. 5/31/2012 pp. 109-110) However, in addressing Mr. Hodge's history and characteristics in light of Dr. Cady's report, all that was said was that Mr. Hodge "reported abuse as a young child...and that may have been the genesis of his addiction to pornography." (Tr. 5/31/2012 pg. 110)

With regards to the need for deterrence and to protect the public, the district court again emphasized the seriousness of the offense and the need for a high sentence to deter others from engaging in similar conduct. (Tr. 5/31/2012 pg. 112) However, the district court stated that it doubted there was "much risk of further crimes...if you are ever released from prison" because the minimum sentence in this case would fundamentally be a life sentence. (Tr. 5/31/2012 pg. 113) The district court later stated that it did not believe Mr. Hodge was at a high

risk of committing future offenses, and that being in prison for the rest of his life would "take care of" whatever risk there was. (Tr. 5/31/2012 pg. 116)

The only other mention of Dr. Cady's reports were in the context of Mr. Hodge's need for sex offender treatment because he had an addiction to child pornography and was a pedophile. (Tr. 5/31/2012 pp. 113, 115) This *sua sponte* diagnosis was made by the district court based on information revealed to Dr. Cady during the evaluation process, specifically where Mr. Hodge admitted prior offenses against children as a youth. (Tr. 5/31/2012 pg. 116)

Nowhere in the district court's 3553(a) analysis did the court comment on Dr. Cady's opinion that Mr. Hodge's premature sexualization left him unequipped with normal adult defenses, executive function, and brain function. (Tr. 5/31/2012 pp. 11-12) Nor did the court comment on Dr. Cady's finding that Mr. Hodge had shown rehabilitative promise. (Tr. 5/31/2012 pg. 25)

Arguably the most important part of a sentencing hearing is the district court's explanation of its reasons for imposing sentence under Section 3553(a). Although the district court acknowledged that it had reviewed Dr. Cady's report and did hear live testimony presented by Dr. Cady, the court's analysis of the 3553(a) factors was focused almost exclusively on the nature of the offense, the need for deterrence and punishment, and the damage to the victim in the case,

3

with very little time devoted to addressing Mr. Hodge's psychological mitigation evidence.  Based on the foregoing, the district court's minimal treatment of the mitigation arguments presented by Mr. Hodge regarding his personal history and characteristics and the impact of his childhood sexual abuse, along with the district court's barebones treatment of the opinions rendered by Dr. Cady, warrants a remand for re-sentencing.

## Conclusion

Based on the foregoing, Mr. Hodge respectfully requests that this case be remanded to the district court for resentencing.

                  Respectfully submitted,

                  JONATHAN E. HAWLEY
                  Chief Federal Public Defender

                  JOHANNA M. CHRISTIANSEN
                  Appellate Division Chief

BY:    s/ Elisabeth R. Pollock
        ELISABETH R. POLLOCK
        Staff Attorney
        Federal Public Defender's Office
        300 W. Main St.
        Urbana IL  61801-2624
        Tel. (217) 373-0666
        Fax (217) 373-0667

        Attorneys for Defendant-Appellant,
        LARRY HODGE

**Certificate of Compliance with Fed. R. App. P. 32(a)(7)(C)**

The undersigned certifies that this brief complies with the volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(C) and Circuit Rule 32 in that it contains  words and  lines of text as shown by WordPerfect X6 used in preparing this brief.

                                            BY:   s/ Elisabeth R. Pollock
                                                  ELISABETH R. POLLOCK
                                                  Staff Attorney

Dated: May 13, 2013

No. 12-2458

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

vs.

LARRY E. HODGE,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Indiana
Case No. 11-cr-7
Hon. Richard Young, United States District Judge,
Presiding

## Notice of Filing and Proof of Service

TO:  Mr. Gino Agnello, Clerk, United States Court of Appeals, 219 S. Dearborn St., Ste. 2722, Chicago, IL  60604-1874

Mr. Larry E. Hodge, USP Tuscon, United States Penitentiary, PO Box 24550, Tuscon, Arizona 85734

Mr. Todd Shellenbarger, US Attorney's Office, 101 NW Martin Luther King Blvd, Suite 250, Evansville, IN 47708

I certify that on May 13, 2013, I electronically filed the Reply Brief and Argument of Defendant-Appellant with the Clerk of the United States Court of Appeals for the Seventh Circuit by CM/ECF, which will serve participants in this case who are registered system users. I further certify that some participants do not use CM/ECF. I have mailed the document to those participants by First-Class Mail, or dispatched it to a third-party commercial carrier for delivery within 3 calendar days.

BY:  s/ Elisabeth R. Pollock
ELISABETH R. POLLOCK
Staff Attorney
Federal Public Defender's Office
300 W. Main St.
Urbana IL  61801-2624
Tel. (217) 373-0666
Fax (217) 373-0667